UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| JOHN WAYNE BRANNON, | ) | C/A No. 4:18-3321-DCC-TER |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| WARDEN WILLIAMS, | ) | |
| Respondent. | ) | |

Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 10, 2018. On the same date, Petitioner filed three motions entitled "Motion to Stay and Abeyance of the Petitioner Unexhausted claims in federal Habeas Corpus pursuant to Rhines v. Weber," Motion for Leave to File Second Post Conviction Relief pursuant to SC Code 17-27-45(B) Because of an Intervening Change in Both State law, Mangal v. State . . . and federal law, Martinzez v. Ryan . . . In South Carolina proceedings," and "Motion to Challenge the Constitutionality of the Post Conviction Relief Statue as Unconstitutional for not having a remedy in order for the petitioner to challenge the Ineffectiveness fo post Conviction Relief Counsel." (ECF Nos. 3, 5, and 6). Respondent filed a response in opposition. (ECF No. 27).

In the Motion for Stay and Abeyance, Petitioner requests that his case be stayed for him to pursue unexhausted claims in a successive PCR Application and cites to

Martinez v. Ryan, 132 S. Ct. 1309 (2012), and Mangal v. State, 421 S.C. 85, 805 S.E.2d 568 (2017) as support of the changes in law necessary to warrant a Stay under South Carolina Code of Laws 17-27-45(b). Respondent argues that Petitioner is mistaken to conclude that either Martinez or Mangal provide a basis for stay of his federal habeas petition. The undersigned agrees. In Martinez, the Supreme Court established a "limited qualification" to the rule in Coleman v. Thompson, 501 U.S. 722, that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel. Martinez, 132 S. Ct. at 1319. Martinez does not provide any authority for successive PCR applications under state law. In Mangal v. State, the state court held that "[T]here are situations where the interest of justice requires . . . courts to be flexible with procedural requirements before . . . applicants suffer procedural default on substantial claims." Petitioner has not presented any substantive change in the law that would entitle him to a stay in his federal habeas corpus petition for him to submit a successive PCR application.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court approved a "stay and abeyance" procedure that district courts can use when presented with "mixed" petitions; that is, petitions containing exhausted and unexhausted claims, while the petitioner returns to state court to exhaust his previously unexhausted claims. Id. at 275. The district court should stay, rather than dismiss, the mixed petition if" the

petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petition engaged in intentionally dilatory litigation tactics." Id. at 278. Rhines is not applicable in this case. Petitioner has not filed a mixed petition as he has only raised unexhausted claims that he alleges are due to PCR counsel failing to raise them. Therefore, the motion to stay and abeyance (ECF No. 3) is denied.

In the motion entitled "Motion to file Second Post-Conviction Relief Application, pursuant to §17-27-45(B) because of an intervening change" in both state law and federal law, citing to Martinez and Mangal, Petitioner is requesting that the federal court authorize him to file a successive PCR application. Because this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). This motion (ECF No. 5) is not cognizable in federal court and is denied.

In the third motion entitled "Motion to Challenge the Constitutionality of the Post-Conviction Relief Statute . . .," Petitioner challenges the South Carolina Post-Conviction relief statute as unconstitutional on the grounds that it does not provide a remedy for Petitioner to challenge the ineffectiveness of PCR counsel. Respondent asserts that the South Carolina PCR remedies exist as protections beyond those

guaranteed by the United States Constitution, thus there can be no unconstitutional action in denying recourse for ineffective assistance of PCR counsel at the state level. Initially, such a challenge to the state's statute is not proper by "motion" and, thus, is denied. Additionally, no court has recognized a constitutional right to counsel in post-conviction proceedings. See Wise v. Williams, 982 F.2d 142, 144 (4th Cir. 1992) ("There is no constitutional right to an attorney in state post-conviction proceedings.") (citing Coleman v. Thompson, 501 U.S. 772, 752 (1991)); see also Martinez v. Ryan, 132 S. Ct. 1309 (2012)(providing limited application of Strickland violation by PCR counsel for purposes of showing cause to overcome procedural default, based on principles of equity). An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 16, 11 S.Ct. 13, 178 L.Ed.2d 276 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991). Thus, even if this claim could be presented by "motion," it is not cognizable in federal habeas corpus. For the above reasons, this motion (ECF No. 6) is denied.

    IT IS SO ORDERED.

August 2, 2019  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge