IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| John Wayne Brannon, | ) | C/A No. 4:18-cv-03321-SAL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Warden Williams, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) (the "Report").

**PROCEDURAL BACKGROUND**

Petitioner John Wayne Brannon ("Petitioner") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. [ECF No. 1.] On April 8, 2019, Respondent Warden Williams ("Respondent") filed a return with a memorandum of law, ECF No. 30, and a motion for summary judgment, ECF No. 31. On April 9, 2019, by order filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [ECF No. 32]. After receiving an extension of time, Petitioner filed his response on June 24, 2019. [ECF No. 43.]

On August 26, 2019, the Magistrate Judge issued a thorough Report, opining that this court should grant Respondent's motion for summary judgment and dismiss the petition. [ECF No. 47.] The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation. Attached to the Report was the notice

1

of right to file objections. *Id.* After receiving an extension of time, Petitioner filed objections on October 28, 2019. [ECF No. 56.] The matter is ripe for review by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

**DISCUSSION**

Petitioner asserts 10 grounds for relief, which are outlined in the Petition and the Report. [See ECF Nos. 1, 47.] The crux of the case is whether the grounds are procedurally defaulted or whether the procedural bar should be excused based on *Martinez v. Ryan*, 566 U.S. 1 (2012). The Report finds that nine of the grounds for relief are procedurally barred and Petitioner has not met his burden of showing excuse based on *Martinez*. As to Ground I, the Report finds that *Martinez* does not apply to overcome the procedural default. Petitioner submits 24 objections to the Report, each of which is addressed below.

Objections 1–4 relate to the issuance of the Report despite Petitioner's request for a stay of the case earlier in the litigation. [ECF No. 56 at pp.4–6.] According to Petitioner, the issuance of the Report denies him access to the state courts, violates the exhaustion requirement, and results in an advisory opinion. First, these objections are untimely. Magistrate Judges have "the authority to hear and determine any pretrial matter pending before the court" except for dispositive motions. *United States v. Benton*, 523 F.3d 424, 430 (4th Cir. 2008). A party may object to a magistrate judge's order on a nondispositive matter—such as the order denying the stay—within 14 days of service of the order. Fed. R. Civ. P. 72(a). When timely objected to, the district court reviews nondispositive orders for clear error. *See id*.; *Springs v. Ally Fin. Inc.*, 657 F. App'x 148, 152 (4th Cir. 2016). In this case, the order denying the stay was entered on August 2, 2019. [ECF No. 45.] Petitioner did not file objections until October 28, 2019. [ECF No. 56.] Thus, the objections are untimely and denied.

Second, even if the court considers the objections, it finds no clear error. In Petitioner's motion to stay, Petitioner relied upon *Martinez* and *Mangal v. State*, 805 S.E.2d 568 (S.C. 2017). [ECF Nos. 4, 45.] Neither case supports a stay in this matter. *Martinez* provides a "limited qualification"

to *Coleman v. Thompson*, 501 U.S. 722 (1991)'s rule that errors of PCR counsel cannot serve as a basis for cause to excuse a procedural default of a claim of ineffective assistance of trial counsel. It does not provide any discussion or authority for successive PCR petitions under state law. *Mangal* similarly does not change this result. Because Petitioner has not filed a "mixed" petition, *i.e.*, one with exhausted and unexhausted claims, there is no basis for a stay. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Portee v. Stevenson*, No. 8:15-cv-487, 2016 WL 690871, at *10 (D.S.C. Feb. 22, 2016) ("The stay option does not apply where all claims are exhausted."). The Report, therefore, does not deny Petitioner access to state courts, violate the exhaustion requirement, or result in an advisory opinion.

Objections 5, 12, and 20–21 relate to the Report's consideration of the evidence presented and its application of the summary judgment standard. Objection 5 makes the blanket contention that "Respondent did not meet its initial burden in order to be granted summary judgment." [ECF No. 56 at p.6.] Similarly, Objection 12 contends that the Report did not construe the evidence in the light most favorable to the non-movant, Petitioner. *Id.* at p.11. Objection 20 contends that material facts existed for trial. *Id.* at pp.12–19. And Objection 21 states that the Report improperly weighed the evidence. *Id.* at pp.19–21. The court disagrees with all contentions. As to the first, Respondent thoroughly outlined the procedural history, the law applicable to exhaustion of state remedies, and the defenses as they relate to each of the grounds for relief asserted by Petitioner. [ECF Nos. 30, 31.] Respondent, accordingly, met its burden on summary judgment. *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be . . . disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, . . . or other materials[.]"); Rule 12, *Rules Governing*

*Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure . . . may be applied to a proceeding under these rules.").

Additionally, Petitioner contends that the documents submitted in support of summary judgment constitute "inadmissible evidence." [ECF No. 56 at p.7.] Again, the court disagrees. Rule 5(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* specifically requires the Respondent to attach "parts of the transcript that the respondent considers relevant." Moreover, Petitioner has not identified, nor is the court aware, of any rule of evidence that would render the documents submitted by Respondent in this case inadmissible.

Having thoroughly considered the record and the arguments presented this court is unable to agree that Petitioner met his burden of identifying material facts in dispute or a genuine issue for trial. Considering the Report and the record in its entirety, the court finds that summary judgment is appropriate on all claims.

Objections 6 and 7 relate to the order in which the Report considered the issues presented. Petitioner objects because the Report "did not determine whether or not the petitioner claims in his federal writ of habeas corpus were adjudicated on the merits in state court" and because the Report applied the presumption of correctness when his *Martinez* claims "were not adjudicated on the merits in state court." [ECF No. 56 at p.8.] The objections miss the mark. Petitioner relies on one portion of 28 U.S.C. § 2254(d) for this argument. It states: "An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that *was adjudicated on the merits* in the State court proceedings unless *the adjudication* of the claim" meets the requirements of subsection (1) or (2). 28 U.S.C. § 2254(d) (emphasis added). This language requires any issue raised by a petitioner in his federal habeas petition to first have been adjudicated on the merits, meaning they could not have been procedurally defaulted. The Report, accordingly, properly considered the

6

question of procedural default first. Finding that the claims were procedurally defaulted, it need not consider the substantive issue.

Objections 8–10 complain regarding the "standards" applied in the Report. In Objection 8, Petitioner contends that the Report incorrectly applied "the presumption of correctness standard to mix[sic] question of law determination of ineffectiveness of trial counsel claims." [ECF No. 56 at p.9.] In Objection 9, Petitioner contends the Report incorrectly applied the "deferential standard for claims that has[sic] been adjudicated on the merits." *Id.* And in Objection 10, Petitioner contends the report should have applied the "de novo standard" in *Martinez* to overcome the procedural default. *Id.* at p.10. This court disagrees with all three objections. Having reviewed the record, Report, and objections, the court is unable to find any error in the Report's recitation of the applicable standards or its application of the same. As to each ground, the Report addresses whether or not the ground is procedurally defaulted, applies the *Martinez* analysis, and finds that Petitioner cannot overcome the procedural defaults. Having failed to identify any specific error in the Report's analysis, the court denies Petitioner's objections.

Objection 11 similarly fails. Petitioner argues the Report improperly applies the "Lafler v. Cooper, 566 U.S. 156 (2012) prejudice test in the plea context." [ECF No. 56 at p.10.] A simple review of the Report evidences that it does not reference this case or the purported "prejudice test" in its analysis of the issues. The objection is overruled.

Objections 13–16 relate to the Report's consideration and application of *Missouri v. Frye*, 566 U.S. 134 (2012). *Missouri v. Frye* provides the "general rule" that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 145. In Ground B, Petitioner contends that his trial counsel was ineffective for not timely consulting with him regarding the solicitor's 20-year plea

7

deal in violation of *Missouri v. Frye*. The Report opines that the issue was not addressed by the state's highest court and, therefore, it is procedurally barred. [ECF No. 47 at p.19.] The Report further opines that Petitioner has not shown that his PCR counsel was ineffective under *Strickland* or that the underlying ineffective assistance of trial claim is substantially meritorious to overcome the default. Despite Petitioner's continued unsupported contention, the record establishes that the offer was made to trial counsel, communicated to Petitioner, and rejected. [ECF No. 30-1, p.274.] Petitioner has not specifically identified any error in the Report's analysis. Finding no errors, this court overrules the objections.

Objection 17 states that the Report applied a higher standard that is not required by *Martinez*. [ECF No. 56 at p.15.] Objection 19 raises a similar issue. *Id.* at p.17. Under *Martinez*, Petitioner may establish cause for the procedural default if he makes two showings: (1) that the underlying ineffective assistance of counsel claim is substantial, *i.e.*, it has some merit and (2) that under *Strickland*, his PCR counsel's representation was objectively unreasonable in failing to raise the claim. 566 U.S. at 14, 16. While Petitioner is correct that the first *Martinez* requirement is informed by *Miller-El v. Cockrell*, 537 U.S. 322 (2003), he is incorrect in his assertion that the Report improperly applies a higher standard. The Report concludes that "Petitioner has not shown that his PCR counsel was ineffective under *Strickland* or that the underlying ineffective assistance of trial counsel claim is substantially meritorious under the Martinez analysis to overcome the default." [ECF No. 47 at p.19.] Analyzing the relevant facts, the Report concludes—as does this court—that "Petitioner has not shown that PCR counsel was ineffective for failing to raise this issue because the underlying ineffective assistance of trial counsel claim is not substantial to overcome the default." *Id.* at p.21. In reaching this conclusion, the Report notes that for a claim to be substantial, the "prisoner must demonstrate that the claim has some merit." *Id.* at n.6 (citing

*Miller-El*, 537 U.S. at 322). Thus, the Report correctly applied both prongs of *Martinez*, and Objections 17 and 19 are overruled.

Objection 18 argues that the Report is "clearly erroneous" in its finding that an "offer was made, communicated, and rejected." [ECF No. 56 at p.16.] A decision is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). After a careful review of the record in this case, the court concludes that the finding is not clearly erroneous.

Objection 22 claims the Report erred in "not considering the Martinez v. Ryan legal analysis" in relation to the "stand your ground law." [ECF No. 56 at p.20.] This court is compelled to disagree. Petitioner's claim is that he is entitled to habeas relief because his trial counsel failed to argue S.C. Code Ann. § 16-11-440(c). To assess whether or not trial counsel was ineffective in failing to raise the statute, the court is compelled to consider whether or not the statute applies to his case. The Report concludes, and this court agrees, that the presumption in Section 16-11-440 applies only if the victim does not have equal right to the dwelling or residence. Given the evidence in the record, there can be no error or prejudice for trial counsel's failure to raise this issue because the event occurred at the victim's residence. Objection 22 is overruled.

Objection 23 objects to the denial of an evidentiary hearing. The decision to grant an evidentiary hearing is "generally left to the sound discretion of the district courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The court must consider whether an evidentiary hearing would afford Petitioner the opportunity "to prove the petition's factual allegations, which, if true, would entitle [him] to federal habeas relief." *Id.* at 474. Having again thoroughly reviewed the

9

petition and the state court record, the court finds that an evidentiary hearing is not warranted and denies Petitioner's request for one.

Objection 24, Petitioner's final objection, makes the general contention that he objects to the Report's "ruling that the Petitioner['s] due process detrimental reliance claim was adjudicated on the merits in state court." [ECF No. 56 at p.22.] The objection puzzles this court as it appears that the Report considered whether the Petitioner met the requirements of *Martinez* to overcome the procedural default that is identified in the objection. As outlined in the Report, trial counsel raised the issue by motion, argued the same, submitted a brief, and the trial judge ultimately denied the motion. Thus, Petitioner did not, and could not, show that his trial counsel was ineffective under *Strickland* and overcome the default. The objection is, accordingly, overruled.

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 47] is accepted, adopted in its entirety, and is incorporated herein. Therefore, it is the judgment of this court that Respondent's motion for summary judgment [ECF No. 31] is **GRANTED** in its **ENTIRETY**, and the petition [ECF No. 1] is **DISMISSED** with prejudice and without an evidentiary hearing.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

March 31, 2020
Florence, South Carolina