IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| John Wayne Brannon, | ) | C/A No. 4:18-cv-03321-SAL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Warden Williams, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on a Motion to Alter or Amend Judgment filed by Petitioner John Wayne Brannon ("Petitioner") on May 1, 2020.[1]  [ECF No. 64.]  Petitioner asks the court to reconsider its Order, ECF No. 61, adopting the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, ECF No. 47.  Respondent opposes the motion.  [ECF No. 65.]

A motion to alter or amend judgment is governed by Rule 59(e) of the Federal Rules of Civil Procedure.  The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first

---

[1] The motion is dated April 28, 2020 and postmarked May 1, 2020.  [ECF No. 64.]

1

instance." *Pacific Insurance*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Petitioner seeks to correct four purported errors of law. First, Petitioner claims that the court overlooked facts in reaching its decision. [ECF No. 64 at pp.1–2.] Second, he claims the Magistrate Judge lacked authority to deny a motion to stay without first issuing a report and recommendation on the request. *Id.* at pp.3–4. Third, he claims that ruling on the summary judgment motion without a hearing was improper. *Id.* at pp.4–7. And, fourth, he argues that the court did not view the facts in a light most favorable to the non-moving party in ruling on the summary judgment motion. *Id.* at pp.8–10.

The court has considered each alleged error and concludes that no errors of law exist in the Report or its prior Order. The Order thoroughly considered each objection raised by Petitioner in response to the Report and Recommendation. [ECF No. 61.] Despite Petitioner's contention to the contrary, this court was unable to find any "facts" that were overlooked in either the Report and Recommendation or the Order. Further, the court concludes that the facts were viewed in a light most favorable to the non-moving party. As to the ruling on the motion to stay, the Magistrate Judge has authority to issue rulings on all non-dispositive pretrial matters such as the motion to stay in this case. 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . ."); Local Civil Rule (D.S.C.) 73.02(B)(2)(c) (automatic referral of all pretrial proceedings in section 2254 cases). Finally, because the court concluded that Petitioner failed to present a colorable claim and that there were no genuine facts in dispute, Petitioner was not entitled to an evidentiary hearing. *See Poyner v.*

*Murray*, 964 F.2d 1404, 1422 (4th Cir. 1992) (noting that "a habeas corpus petitioner is entitled to an evidentiary hearing only to resolve disputed issue of *material fact*").

For all of the foregoing reasons, Petitioner's Motion to Alter or Amend Judgment, ECF No. 64, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

October 7, 2020
Florence, South Carolina